NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0462n.06

No. 14-5185

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jun 22, 2015
DEBORAH S. HUNT, Clerk

SHANA PERRY; DAMON HARPER;
DARYL QUINEY,

      Plaintiffs-Appellees,

v.

AUTOZONE STORES, INC.; ET AL.,

      Defendants,

and

AUTOZONERS, LLC,

      Defendant-Appellant.

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF
KENTUCKY

BEFORE:    DAUGHTREY, CLAY, and COOK, Circuit Judges.

**PER CURIAM.** Plaintiffs Shana Perry, Damon Harper, and Daryl Quiney filed suit against their former employer, AutoZone Stores, Inc., alleging various claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344. After a seven-day trial, the jury returned a verdict in favor of Perry on her hostile work environment and retaliatory harassment claims, and in favor of Harper and Quiney on their retaliatory discharge claims. The district court denied AutoZone's post-trial motions for judgment as a matter of law and for a new trial, and granted in part AutoZone's motion for remittitur. In that same order, the court awarded Plaintiffs' attorneys' fees and costs. AutoZone

timely appealed. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

AutoZone is an auto parts retailer with nearly 5,000 stores across the United States. AutoZone hired Perry in 1998 as a sales cashier, and she worked in that position until 2008 when AutoZone promoted her to Commercial Sales Specialist. In July 2009, Perry was promoted to Commercial Sales Manager for Store No. 612 ("Broadway"). Harper served as Part Sales Manager at the Broadway store, and Quiney served as Assistant Manager at that same location.

During the summer of 2010, Mark DeHaan became Store Manager of the Broadway branch. Within the AutoZone organization, the Store Manager reports to a District Manager. In 2010, the District Manager for the Broadway store was Donnie Helstern.

The claims tried to the jury arise from the following events as alleged in the complaint: Perry was sexually harassed by DeHaan over a period of several weeks; after Perry reported DeHaan, AutoZone began investigating her complaint; during the course of AutoZone's investigation, Harper and Quiney were interviewed by Human Resources and corroborated some Perry's allegations; DeHaan, Harper, and Quiney were terminated; Perry was harassed by Helstern for several months after the terminations.

On AutoZone's post-trial motions, the district court held that sufficient evidence was presented to sustain a finding in Perry's favor on her hostile work environment and retaliation claims, and that AutoZone was not entitled to the *Faragher/Ellerth* defense as a matter of law. The court similarly held that the evidence was sufficient to support findings in favor of Harper and Quiney on their retaliation claims. The court remitted Perry's punitive damages pursuant to the federal statutory cap, but it rejected AutoZone's arguments that the evidence did not support

Plaintiffs' emotional distress awards and that Perry's remitted punitive damages were excessive. The court further held that the jury was properly instructed. Lastly, the court awarded Plaintiffs' attorneys' fees and costs in the amount of $193,157.16.

We have thoroughly reviewed the record, the applicable law, and the parties' arguments, and we discern no error in the district court's conclusions. We therefore hold that the evidence supported Plaintiffs' claims and damages, that AutoZone failed to establish the *Faragher/Ellerth* defense, that the jury was properly instructed, and that the district court did not abuse its discretion in awarding fees and costs. We **AFFIRM** on the basis of the district court's February 3, 2014 opinion. *See* R. 132.