NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0597n.06

No. 14-5185

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Aug 20, 2015
DEBORAH S. HUNT, Clerk

SHANA PERRY; DAMON HARPER;
DARYL QUINEY,

     Plaintiffs-Appellees,

v.

AUTOZONE STORES, INC.; et al.,

     Defendants,

AUTOZONERS, LLC,

     Defendant-Appellant.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY

BEFORE:    DAUGHTREY, CLAY, and COOK, Circuit Judges.

PER CURIAM. Plaintiffs Shana Perry, Damon Harper, and Daryl Quiney have filed a motion to recover attorney's fees and costs pursuant to 42 U.S.C. § 1988 following Defendant AutoZoner, LLC's unsuccessful appeal from the district court's February 3, 2014 order denying Defendant's motions for judgment as a matter of law and for a new trial. This Court, in a per curiam opinion, affirmed the district court's judgment in its entirety. *See Perry v. AutoZone Stores, Inc.*, 2015 WL 3824940 (6th Cir. June 22, 2015). Having carefully considered the parties' submissions, the record, and the applicable law, this Court now awards attorney's fees as detailed below.

## I.

Plaintiffs, Shana Perry, Damon Harper, and Daryl Quiney, brought this action in the United States District Court for the Western District of Kentucky against Defendants, AutoZone Stores, Inc. et al. (collectively, "AutoZone"), alleging sex discrimination, hostile work environment, retaliatory harassment, and retaliatory termination, in violation of Title VII of the Civil Rights Act of 1964 and the Kentucky Civil Rights Act. After a one-week trial, the jury returned a verdict in favor of Plaintiffs on their hostile work environment, retaliatory harassment, and retaliatory discharge claims. The jury decided in favor of AutoZone on Perry's sex discrimination claim. The district court denied AutoZone's post-trial motions for judgment as a matter of law and a new trial. In that same order, the court awarded Plaintiffs attorney's fees and costs.

AutoZone timely appealed the district court's denial of the motion for judgment notwithstanding the verdict on Plaintiffs' claims for sexual harassment, retaliatory harassment, and retaliatory discharge; denial of the motion for a new trial because of improper jury instructions; denial of remittitur of Plaintiffs' compensatory and punitive damage awards; and award of attorney's fees and costs. This Court affirmed the district court's judgment in all respects.

Plaintiffs have now filed a motion for attorney's fees and costs incurred on appeal, seeking $86,910.00 in fees and $823.80 in costs.

## II.

Prevailing plaintiffs in Title VII actions are entitled to an award of reasonable attorney's fees. *See* 42 U.S.C. § 1988. The calculation of attorney's fees is a two-step process. *Jordan v.*

*City of Cleveland*, 464 F.3d 584, 602 (6th Cir. 2006). The starting point for determining the amount of a reasonable attorney fee is the "lodestar" amount, which is calculated by multiplying the number of hours reasonably spent on the case by an appropriate hourly rate in the relevant community for such work. *Id.* The court may then, within reason, "adjust the lodestar to reflect relevant considerations peculiar to the subject litigation." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000) (internal quotation marks omitted). Among the factors the district court may consider are the twelve[1] described in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir 1974). *See Paschal v. Flagstar Bank*, 297 F.3d 431, 435 (6th Cir. 2002). "The primary concern in an attorney fee case is that the fee awarded be reasonable." *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999).

"To justify any award of attorneys' fees, the party seeking compensation bears the burden of documenting its work." *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 617 (6th Cir. 2007). The fee applicant "should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the . . . court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

## III.

Plaintiffs prevailed in this appeal, and thus are entitled to an award of attorney's fees for work incurred relating to this appeal. *See Weisenberger v. Huecker*, 593 F.2d 49, 54 (6th Cir.

---

[1] The twelve *Johnson* factors are: (1) the time and labor involved; (2) the novelty and difficult of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. 488 F.2d at 717–19.

1979). Plaintiffs seek $86,910.00 in attorney's fees based on 289.7 hours of service by counsel at an hourly rate of $300.00. AutoZone opposes the fee request as excessive, arguing that the award should be reduced by at least 50% because Plaintiffs' counsel engaged in block billing.

We find Plaintiff's request for a $300 hourly rate for counsel's service to be reasonable for three primary reasons. First, the federal district court in Kentucky awarded counsel attorney's fees using a $300 hourly rate, and we affirmed that award. Second, counsel has been licensed to practice law for nearly eighteen years; she devotes a substantial portion of her practice to employment law cases; and she provided evidence that $300 is a reasonable rate in Kentucky for an attorney of her skill and experience. And finally, AutoZone does not object that $300 is a reasonable rate in Kentucky for a lawyer of Plaintiffs' counsel's stature.

We find the substantiation provided by Plaintiffs' counsel in support of the request for compensation for 289.7 hours of work to be inadequate for two primary reasons.

First, counsel's itemized billing records contain numerous instances of block billing, *i.e.*, entries where it is not possible to ascertain exactly what the attorney was doing because the descriptions are too general. *See Local 307 v. G & M Roofing and Sheet Metal Co., Inc.*, 732 F.2d 495, 503 (6th Cir. 1984) ("The documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation."). For example, there are more than a dozen time entries with the bald description "Prepare and Draft Appellee Brief." In some instances, it is difficult to ascertain whether counsel's time was reasonably expended without a more detailed description of the work that was done.

Second, Plaintiffs' counsel seemingly spent an inordinate number of hours working on the appellate brief. Counsel spent a total of 143 hours preparing, draft, editing, and filing the appellees' brief. It is true that AutoZone raised a number of issues on appeal and Plaintiffs' counsel had to defend the jury verdicts in favor of three plaintiffs with distinct claims. However, many of the issues raised on appeal were the same issues presented to the district court in post-trial motions. While counsel is expected to zealously advocate for her client, the time spent here on these previously litigated claims may have been excessive. *See, e.g.*, *Nature Conservancy, Inc. v. Sims*, 2013 WL 1332445, at \*2 (E.D. Ky. Mar. 28, 2013) (50 hours to draft and edit appellee brief was reasonable); *Barrett v. Detroit Heading, LLC*, 2009 WL 3465366, at \*2 (E.D. Mich. Oct. 23, 2009) (34 hours to draft appellee brief was reasonable).

Although we do not question Plaintiffs' counsel's representations regarding the amount of time she actually expended on this matter, the lack of detail in the billing statement does raise concerns regarding the reasonableness of the time billed. We therefore reduce the compensable time by 15% to 246.2 hours total. Thus, counsel will be compensated for 246.2 hours at a rate of $300 per hour.

**IV.**

For the foregoing reasons, we award Plaintiffs' $73,860.00 in attorney's fees and $823.80 in costs.